**UNITED STATES of America**

v.

**Kenneth WILLIAMS, a/k/a Junior, Appellant.**

No. 07–2993.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) Dec. 2, 2008.

Opinion Filed: Dec. 17, 2008.

Robert A. Zauzmer, Office of United States Attorney, Philadelphia, PA, for United States of America.

Ari R. Karpf, Karpf, Karpf & Virant, Bensalem, PA, for Appellant.

Before: AMBRO, WEIS and VAN ANTWERPEN, Circuit Judges.

WEIS, Circuit Judge.

A jury convicted defendant of possession of crack-cocaine with intent to distribute. The District Court sentenced him to 120 months incarceration, an eight year term of supervised release, and a $100 special assessment. He has appealed, asserting that the jury instructions created a reasonable likelihood that the jury misunderstood the government's burden to prove each and every element of the crime beyond a reasonable doubt. Defendant also contends that the District Court abused its discretion in finding that the verdict was not contrary to the weight of the evidence.

Defendant did not object to the jury charge at the trial. Consequently, we review for plain error. *United States v. Flores*, 454 F.3d 149, 156 (3d Cir.2006). In doing so, we "consider the totality of the instructions and not a particular sentence or paragraph in isolation." *United States v. Coyle*, 63 F.3d 1239, 1245 (3d Cir.1995). After reviewing the District Court's charge in its entirety, we find no error in the instructions on reasonable doubt, let alone plain error. *See generally Victor v. Nebraska*, 511 U.S. 1, 5, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (a proper reasonable doubt instruction need not contain any particular words or phrases provided that the charge, when read as a whole, adequately conveys the government's burden of proof). Accordingly, we reject the defendant's argument that the District Court erred in charging the jury.

As we observed in *Virgin Islands v. Derricks*, 810 F.2d 50, 55 (3d Cir.1987), "[m]otions for a new trial based on the weight of the evidence are not favored." They "are to be granted sparingly and only in exceptional cases." *Id.* Our review demonstrates that this is not such an exceptional case and that the evidence supported the jury's verdict. The District Court did not err in denying a new trial.

Accordingly, the judgment of the District Court will be affirmed.